**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTIAN M. FULKERSON,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>THRIVE MARKET, INC.,<br><br>　　　　　　　　Defendant. | 3:20-cv-00241-MMD-CLB<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Christian Fulkerson's ("Fulkerson") *pro se* civil rights complaint (ECF No. 1-1). Fulkerson did not file an *in forma pauperis* application or pay the filing fee, however, for the reasons stated below, the court recommends that Fulkerson's complaint (ECF No. 1-1) be dismissed, without prejudice.

**I.　SCREENING STANDARD**

Prior to ordering service on any defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against

---

[1]　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

-1-

a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).
///

## II. SCREENING OF COMPLAINT

In the complaint, Fulkerson sues Defendant Thrive Market, Inc. for purported employment discrimination. (*See* ECF No. 1-1.) Fulkerson alleges that her manager and his manager's supervisor are African American and give preferential treatment to other minorities while treating Fulkerson and other Caucasians with "downgrading and demeaning mannerisms." (*Id.* at 5.) Fulkerson asserts that her gender and age have played a role in not getting promoted even though she has more experience than the person who was promoted. (*Id.*) Fulkerson also claims she has been treated unfairly based on her religious beliefs (Mormon) and disability (anxiety and postpartum depression). (*Id.* at 4-5.) Fulkerson seeks in excess of $500,000 in actual damages, and in excess of $1,500,000 in punitive damages. (*Id.* at 6.)

The complaint does not contain Fulkerson's signature, but instead states that "Heath V. Fulkerson" is the attorney for Christian M. Fulkerson. (*See id.* at 6; ECF No. 1-2 at 1.) Heath Fulkerson is quite familiar to this court as he has filed numerous *pro se* actions within the District of Nevada.[2]

Pro se litigants have the right to plead and conduct their own cases personally. 28 U.S.C. § 1654. As a general rule, *pro se* parties may not pursue claims on behalf of others in a representative capacity. *See, e.g., Simon v. Hartford Life, Inc.*, 546 F.3d 661, 665 (9th Cir. 2008) (collecting cases); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A

---

[2]   Health Fulkerson has filed at least 13 cases in this district between November 2019 and April 2020: *Fulkerson v. Allstate Insurance*, 3:19-CV-00710-RCJ-WGC; *Fulkerson v. Farmers Insurance Group*, 3:19-cv-00714-MMD-WGC; *Fulkerson v. State of Nevada*, 3:19-cv-00721-MMD-WGC; *Fulkerson v. Public Utilities Commission Nevada*, 3:19-cv-00722-MMD-CLB; *Fulkerson v. Allstate Insurance et al*, 3:19-cv-00729-MMD-CLB; *Fulkerson v. Farmers Insurance Group*, 3:19-cv-00753-MMD-WGC; *Fulkerson v. Public Utilities Commission Nevada et al*, 3:20-cv-00007-RCJ-WGC; *Fulkerson v. Geico*, 3:20-CV-00168-MMD-CLB; *Fulkerson v. City of Reno et al*, 3:20-cv-00206-MMD-WGC; *Fulkerson v. Costco*, 3:20-CV-00207-MMD-CLB; *Fulkerson v. United States Secret Service et al*, 3:20-cv-00227-RCJ-WGC; *Fulkerson v. Internal Revenue Service et al*, 3:20-cv-00239-MMD-WGC; and *Fulkerson v. calPERS*, 3:20-CV-00251-MMD-CLB.

litigant appearing *in propria persona* has no authority to represent anyone other than himself."). Only a licensed attorney—an active member of the State Bar of Nevada admitted to practice under the Nevada Supreme Court Rules ("SCR")—is duly authorized to represent a client in Nevada. *Guerin v. Guerin*, 993 P.2d 1256, 1258 (Nev. 2000) (citing NRS 7.285). Although an individual is entitled to represent himself in the district court, no rule or statute permits a non-attorney to represent any other person, a company, a trust, or any other entity in Nevada courts. *Salman v. Newell*, 885 P.2d 607, 608 (Nev. 1994) (citing SCR 44). Therefore, an individual "has no right to be represented by an agent other than counsel in a court of law." *Martinez v. Eighth Jud. Dist. Ct.*, 729 P.2d 487, 488 (citing SCR 77; NRS 7.285).

While the relationship between Heath Fulkerson and Christian Fulkerson is unclear to the court, it is clear that this action was initiated by non-attorney Heath Fulkerson and not the named Plaintiff, Christian Fulkerson. Because a *pro se* party cannot represent another *pro se* party, the court recommends that this action be dismissed, without prejudice, to allow Christian Fulkerson to file an application to proceed *in forma pauperis* and initiate this lawsuit on her own behalf.

### III.   CONCLUSION

For the reasons articulated above, the court recommends that Fulkerson's complaint (ECF No. 1-1) be dismissed, without prejudice.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Clerk **FILE** the complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that Fulkerson's complaint (ECF No. 1-1) be **DISMISSED, WITHOUT PREJUDICE**; and

**IT IS FURTHER RECOMMENDED** that this action be **CLOSED** and that judgment be entered accordingly.

**DATED:** June 16, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**